Vito Guzzo, as Administrator of the Estate of Vincenzia Guzzo, Deceased, Appellant-Respondent, v. Mary Kern, Respondent-Appellant.— Plaintiff's intestate fell while descending a flight of stairs leading from the first or parlor floor to a kitchen in the basement of a two-family house, and suffered a fractured femur or hip, and subsequently died. At the time of the accident the intestate was afflicted with diabetes, high blood pressure and heart trouble. Two causes of action are pleaded: (1) to recover damages for personal injuries suffered by the intestate prior to the death; and (2) to recover damages for wrongful death. The jury awarded plaintiff $750 on the first cause of action, and defendant appeals. The court dismissed the second cause of action at the close of plaintiff's case, holding there was an absence of proof that the accident was the competent producing cause of intestate's death, and plaintiff

appeals. Judgment, as resettled by order dated March 24, 1945, insofar as appealed from by defendant, reversed on the law and the facts, without costs, and the first cause of action dismissed on the law, without costs. Judgment, insofar as appealed from by plaintiff, unanimously affirmed, without costs. Plaintiff failed to establish that the step, assuming it was defective, was the cause of intestate's fall. In view of this failure of proof, neither cause of action can stand even though we hold: (a) that the finding of the jury implicit in its verdict, that at the time of the accident, the premises, with the knowledge and consent of defendant, were occupied by two tenants, is not against the weight of the credible evidence; and (b) that the evidence was sufficient to raise an issue of fact as to whether the fall and the fracture resulting therefrom hastened and accelerated intestate's death by aggravating the latent diseases with which she was then afflicted. (*McCahill* v. *N. Y. Transportation Co.*, 201 N. Y. 221, and cases cited.) Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.